IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CECIL HOWELL, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-161 |
| SEAN B. BRIDGES, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Cecil Howell, Jr. an inmate confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Deborah A. Phillips ("Phillips"), Marvin Dunbar ("Dunbar"), Eric Guerrero ("Guerrero"), Bobby Lumpkin ("Lumpkin"), Bryan Collier ("Collier"), Donald E. Muniz ("Muniz"), Sean B. Bridges ("Bridges"), Michael A. Byerly, Jr. ("Byerly"), John D. Lackey, II ("Lackey"), Monica M. Rodgers ("Rodgers"), Darra A. Simon ("Simon"), Mitchell J. Dorsey ("Dorsey"), Nicholas E. Roten ("Roten"), Felisa D. Womack ("Womack"), Christopher A. Farrell ("Farrell"), and Ben Gardner ("Gardner").

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

This complaint was filed on October 17, 2022 (doc. # 1). Plaintiff sues sixteen defendants in their individual and official capacities for alleged violations of the 8th and 14th Amendment under 42 U.S.C. § 1983, a breach of contract, assault under Texas law, and equal protection violations,

concerning his incarceration at the Wainwright Unit in Lovelady, Texas in October and November of 2021. Plaintiff sues for compensatory and punitive damages and seeks reimbursement of attorneys fees and costs.

Specifically, Plaintiff asserts he suffered physical injuries and was knocked "semi-unconscious" from the excessive use of force by Bridges and Byerly. Plaintiff complains that the incident was unprovoked, that he was handcuffed, that he was compliant, and that his identification card was confiscated. In addition, Plaintiff alleges Lackey, Rodgers, Simon, Dorsey, and Roten observed the excessive use of force and failed to intervene.

Plaintiff continues to allege that the incident was reported to the Office of the Inspector General but that he never received a response until much later and that the results of the investigation conducted by Gardner were inadequate and biased against him. In addition, Plaintiff complains he was served with a fabricated disciplinary report wherein he was charged with creating a disturbance and refusing to obey an order. According to Plaintiff, he was ultimately found guilty of refusing to obey an order, and the charge for creating a disturbance was dismissed. However, he complains that he was denied due process during the disciplinary process by defendants Farrell and Womack as he was denied attendance at the disciplinary hearing itself and failed to receive adequate counsel for the hearing. Plaintiff contends that Phillips thwarted and interfered in his ability to file grievances with respect to the excessive use of force and deficient OIG investigation.

Plaintiff also asserts claims against TDCJ as an alleged municipality, in addition to Lumpkin, Collier, Guerrero, and Muniz regarding arbitrary housing transfers. Specifically, Plaintiff alleges the directors knowingly and intentionally, create a "spacious door that allow[s] Unit Administration to quickly relocate any inmate they dislike; without any requisite due process or appeal available for

redress; when much weight should be given to initial classification assignment." As to Plaintiff specifically, he complains of his own transfer to the Wainwright Unit. Plaintiff goes on to complain that the conditions at the units are "monstrous," "unconstitutional," and "antithetical to human dignity." For example, Plaintiff complains of cramped cell space used as punishment, no access to recreation, minimal access to a day room or day room overcrowding, arbitrary lock downs, poor ventilation, poor drinking water, denial of lay-ins, sleep deprivation, poor scheduling, disparate staffing, camera-free units, and lack of access to panic buttons. Plaintiff appears to complain that these transfers are intentional, used as punishment and foster an environment ripe for excessive force and that Lumpkin, Collier, Guerrero, and Muniz are deliberately indifferent to these conditions. Plaintiff alleges generally that TDCJ officials fail to follow the use of force policy which results in the arbitrary use of excessive force. As to the equal protection violation, Plaintiff asserts he was treated differently without a reasonable basis when he was assaulted with "brutal excessive force" while handcuffed and asserts Dunbar, Collier, Lumpkin, Guerrero, and Howell violated his constitutional rights through their "historical TDCJ practice/policy and philosophical belief." With respect to Muniz particularly, Plaintiff also complains that as warden, he failed to add fans to the unit and did not run breakfast time, "pill window" time, and shower time to be run in unison.

Finally, Plaintiff appears to allege a breach of contract claim and an assault claim under Texas law, in addition to a claim for an equal protection violation. Plaintiff contends that TDCJ has a valid and enforceable contract to provide Plaintiff a safe environment and that Plaintiff performed his contractual obligation in obeying orders, but that Bridges and Byerly breached the contract by using excessive force.

The Motion to Dismiss

Currently pending is an Amended Motion to Dismiss filed by all the defendants on November 6, 2023 (doc. # 35). Defendants argue they are entitled to sovereign immunity as to Plaintiff's official capacity claims for monetary damages and that they are entitled to qualified immunity as Plaintiff fails to state a claim that his constitutional rights were violated in connection with the use of force incident.[1]

Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). The Rule requires the court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.

---

[1] In a Notice filed by the Office of the Attorney General ("OAG") on November 6, 2023, the OAG informed the court that a dispositive motion will not be filed as to Plaintiff's claims of excessive use of force and failure to intervene against Bridges, Byerly, Lackey, Rodgers, Simon, Dorsey and Roten (doc. # 33).

1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

*Federal Rule of Civil Procedure 12(b)(6)*

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis added).

Analysis

**OFFICIAL CAPACITY CLAIMS**

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A suit against a state official in his or her official capacity is considered a suit against the state itself. *See Will*, 491 U.S. at 70 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). As a result, TDCJ is immune from suit and its employees are also entitled to immunity from any claim for monetary damages against them in their official capacity. *See Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [Eleventh [A]mendment is clearly established in this circuit."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Therefore, Plaintiff's claims against all the defendants in their official capacity for monetary damages must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**INDIVIDUAL CAPACITY CLAIMS**

    1.    **Grievance Procedure**

Prisoners have liberty interests only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404, F.3d 371, 373-74 (5th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *See id.* at 374 (holding that prisoner did not have liberty interest of a kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Moreover, a prisoner does not have a constitutional entitlement to an adequate grievance procedure. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (holding inmates do not have constitutional right to adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive. Thus, a state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding inmates do not have a constitutional right to participate in grievance procedures). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, see 42 U.S.C. § 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Thus, any alleged violation of the grievance procedure by Phillips or Gardner as alleged in Plaintiff's complaint do not amount to a constitutional violation.

Finally, Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that Defendants violated TDCJ-CID regulations regarding the grievance procedure, Plaintiff has failed to establish a violation of constitutional rights. A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251-51 (5th Cir. 1989). Plaintiff's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law, because, in light of *Sandin*, plaintiff has no created liberty interest in the regulations of the Texas Department of Criminal Justice – Correctional Institutions Division. 515 U.S. 472. Plaintiff's claims against Phillips and Gardner should be dismissed for failure to state a claim and as frivolous.

**2.     Disciplinary Conviction**

To the extent Plaintiff seeks to challenge the disciplinary hearing and conviction, any such challenge would fail. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin*, 515 U.S. at 483-84; *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for

release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest *See Teague v. Quarterman*, 482 F.3d 769, (5th Cir. 2007) (holding that the post-September 1, 1996 mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context ... will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Here, public records establish that Plaintiff is currently incarcerated on two separate offenses of aggravated assault with a deadly weapon.[2] Under Texas Penal Code § 22.02, aggravated assault with a deadly weapon is a second degree felony. Texas Government Code § 508.149 explains that defendants convicted under § 22.02 are ineligible for release to mandatory supervision. Thus, because the disciplinary proceedings did not impose upon a liberty interest, Plaintiff's claims that he was denied due process by Farrell and Womack are frivolous and fail to state a claim upon which relief may be granted.

---

[2] https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08627602.

### 3. Conditions of Confinement

To establish an Eighth Amendment conditions of confinement claim, a plaintiff must establish two requirements. First, a plaintiff must show that "his confinement, objectively speaking, resulted in a deprivation that was sufficiently serious." *Haralson v. Campuzano*, 356 F. App'x 692, 696 (5th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An objectively, "sufficiently serious deprivation" is defined as the denial of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 U.S. 556, 560 (5th Cir. 2008) (citing *Farmer*, 511 U.S. at 834).

Furthermore, to adequately plead an Eighth Amendment violation based on conditions of confinement, a prisoner must allege conditions that posed a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The prisoner must also allege that the defendant prison officials were deliberately indifferent to his health or safety. *Id*. A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is an "extremely high standard" to meet. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Allegations of negligence do not state a claim under 42 U.S.C. § 1983.

To the extent Plaintiff asserts a claim of deliberate indifference against any of the defendants in their individual capacities, any such claims should be dismissed for failure to state a claim and as frivolous. First, Plaintiff fails to allege their personal involvement. Plaintiff's factual allegations fail to plead that any one individual defendant personally knew of the alleged unconstitutional conditions but disregarded the alleged substantial risk of serious harm to Plaintiff. Furthermore,

10

many of the conditions complained of do not invoke life necessities and, at most, are *de minimis* and not objectively serious. For example, Plaintiff complains of limited recreation time, overcrowding, difficult or cumbersome lock-down procedures, difficult prisoner and building schedules, and vague complaints of differential treatment between prisoners.

### 4. Equal Protection Violations

Plaintiff alleges an equal protection violation against Geurrero, Lumpkin, Collier and Dunbar specifically. To properly allege discrimination or an equal protection violation, Plaintiff must allege that he was treated differently from other similarly-situated prisoners, and that such unequal treatment stemmed from discriminatory intent, as is required for a viable equal-protection discrimination claims. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff, however, fails to put forth any facts of another prisoner similarly situated to him that was treated differently. Plaintiff's claim is, therefore, conclusory and should be dismissed for failure to state a claim and as frivolous.

### 5. Supervisory Liability

Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitu-

tional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff does not allege Guerrero, Lumpkin, Collier, Dunbar and Muniz were personally involved in any alleged constitutional violation. Plaintiff also does not allege Guerrero, Lumpkin, Collier, Dunbar and Muniz implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. While a significant portion of Plaintiff's complaint discusses an alleged unconstitutional "non-routine inter-unit" prisoner-transfer policy wherein prison administrators (allegedly empowered by the supervisory defendants) are able to transfer prisoners for no reason at all, any such claim fails. Any such policy regarding unit transfers as complained of by Plaintiff neither violates his constitutional rights, nor can it be the moving force of a constitutional violation. It is well known that a prisoner has no constitutional right to be incarcerated in the prison of his choice. *Thomas v. Pearson*, 342 F. App'x 21, 22 (5th Cir. 2009). "A prisoner has no constitutionally protected interest in" placement in a particular facility. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

To the extent Plaintiff complains Guerrero, Lumpkin, Collier, Dunbar and Muniz, or any defendant, violated his constitutional rights relating to the use of force plan, any such claim also fails. The crux of Plaintiff's complaint here is that individual officers failed to follow TDCJ's Use of Force plan in executing the use of force against him. As stated previously, the failure to follow policy, without more, is not a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

**6.     Remaining Claims**

Plaintiff also brings claims for a breach of contract, criminal assault under the Texas Penal Code, §22.01(a)(1) and a municipal liability claim under *Monell v. New York City Dept. Of Social Serv.*, 436 U.S. 658, 694 (1978). All three should be dismissed for failure to state a claim and as frivolous. While Plaintiff attempts to allege a contractual obligation exists between himself and TDCJ, he never puts forth any factual allegations that he performed or tendered performance required of him under the contract. *SLT Dealer Grp. v. AmeriCredit Fin. Servs.*, 336 S.W.3d 822, 828 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (parties asserting breach of contract must prove essential elements of claim, including that they performed or tendered performance required of them under contract). As to Plaintiff's claim of assault, courts have consistently held that violations of criminal statutes do not give rise to a private right of action. *Tummel v. Milane*, Civil Action No. 7:18-CV-339, 2019 WL 266708, *7 (S.D. Tex. Jan. 30, 2019), *aff'd*, 787 F. App'x 226, 227 (5th Cir. 2019). Finally, as to any claim of municipal liability, it is clear based on the face of the pleadings that none of the defendants are municipalities that would be subject to *Monell* liability.

**QUALIFIED IMMUNITY**

Defendants assert their entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When considering a claim of qualified immunity, courts engage in a bifurcated analysis. The court must determine whether the plaintiff has alleged the violation of a clearly established constitutional right and, if so, whether the defendant's conduct was objectively reasonable. *Rankin v. Klevenhagen*, 5

F.3d 103 (5th Cir.1993). As outlined above, Plaintiff has failed to allege a constitutional violation. As such, these defendants are entitled to qualified immunity.

## Recommendation

Plaintiff's claims against all the defendants in their official capacity for monetary damages should be dismissed for lack of subject matter jurisdiction. Plaintiff's claims against the defendants in their individual capacities regarding the grievance procedure, his disciplinary conviction, the conditions of his confinement, violations of equal protection laws, supervisory liability, breach of contract, assault under Texas law, and *Monell* claims should be dismissed for failure to state a claim and as frivolous.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 11th day of December, 2023.

_____
Zack Hawthorn
United States Magistrate Judge